IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON PRICE, | : | No. 3:24cv1923 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| MELISSA HAINSWORTH, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Aaron Price ("Price"), an inmate confined at the State Correctional Institution, Laurel Highlands, in Somerset, Pennsylvania ("SCI-Laurel Highlands"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Price challenges certain decisions of the Pennsylvania Board of Probation and Parole (the "Board"). (Id.). For the following reasons, the court will transfer the petition to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §§ 1406(a) and 1404(a).

I. **Background**

Price is currently incarcerated at SCI-Laurel Highlands. (Doc. 1). On December 5, 2005, he entered a no contest plea to criminal homicide and endangering the welfare of children in the Court of Common Pleas of Dauphin

County. (Id. at 1; see also Commonwealth v. Price, No. CP-22-CR-0001084-2005 (Dauphin Cnty. Ct. Com. Pl.)). Price was sentenced to a term of imprisonment of 15 to 30 years. (Id.).

On September 6, 2022, August 14, 2023, and August 15, 2024, the Board interviewed Price. (Doc. 1, at 1). The Board denied Price parole on each occasion. (Id.).

On November 8, 2024, Price filed the instant federal habeas petition. (Doc. 1). Price argues that the Board's denial of parole was arbitrary and capricious and violates his constitutional rights. (Id.).

## II.   Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242, see also § 2243.... [T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted).

In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present

2

physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 443.  The district court must have personal jurisdiction over the petitioner's custodian.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).  This court does not have that jurisdiction.

Although Price states that he was convicted in the Dauphin County Court of Common Pleas, which is located in the Middle District of Pennsylvania, his habeas petition makes clear that he is not challenging the lawfulness of his underlying conviction.  (Doc. 1).  Instead, Price is challenging subsequent actions of the Pennsylvania Board of Probation and Parole.  Under the circumstances in this case, it would be more practical and equitable to transfer Price's petition to the Western District of Pennsylvania.  See 28 U.S.C. § 1404(a) (permitting transfer of venue for convenience of parties and witnesses).  Both Price and his custodian, Warden Hainsworth, reside in the Western District of Pennsylvania. See 28 U.S.C. § 118(c) (Somerset County is in the Western District of Pennsylvania); see also United States v. Kennedy, 851 F.2d 689, 690 (3d Cir.1988) (where a prisoner challenges the manner in which the Parole Commission is executing his sentence, the proper forum is the district where the prisoner is confined).  It will likely be easier for officials to transport Price to court in the Western District of Pennsylvania, rather than to the Middle District of

Pennsylvania. Finally, documents relating to the Board's decisions to revoke Price's parole would be available at SCI-Laurel Highlands.

### III. Conclusion

Consistent with the foregoing, the court will transfer Price's habeas petition to the United States District Court for the Western District of Pennsylvania. (Doc. 1). An appropriate order shall issue.

Date: November 13, 2024

_____
JUDGE JULIA K. MUNLEY
United States District Court